# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-10121
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONTREAL BLAIR, also known as Monty

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-168-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Montreal Blair appeals his 260-month sentence of imprisonment following a guilty plea conviction of distribution of fifty grams or more of a substance containing cocaine base. 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He argues that the district court erred in finding that in 2003 he committed prior drug offenses that constituted relevant conduct for sentencing purposes.

Blair's culpability with respect to the 2003 drug activities was sufficiently established. Blair was observed by police on numerous occasions at a house

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

where large quantities of cocaine were found. Receipts discovered in a safe containing cocaine and drug proceeds indicated that Blair had purchased burglar bars and furnishings for the house. The district court did not clearly err in finding that Blair was responsible for the 2003 offenses. See United States v. Cooper, 274 F.3d 230, 238-40 (5th Cir. 2001).

Nor did the district court clearly err in finding that the 2003 offenses constituted relevant conduct under U.S.S.G. § 1B1.3. Those offenses share a common purpose with the offense of conviction, to wit: distribution of crack cocaine in large quantities in the Oak Cliff area of Dallas. See United States v. Hinojosa, 484 F.3d 337, 342 (5th Cir. 2007), petition for cert. filed (July 6, 2007) (No. 07-5202). Further, Blair employed a similar modus operandi in committing the relevant offenses, maintaining similarly packaged and sizeable crack stashes guarded by strategically placed firearms at each location. See id. While Blair argues that the 2003 events are too temporally remote from the offense of conviction to qualify as relevant conduct, we have made clear that "[t]here is no separate statute of limitations beyond which relevant conduct suddenly becomes irrelevant." United States v. Moore, 927 F.2d 825, 828 (5th Cir. 1991); see also United States v. Robins, 978 F.2d 881, 890 (5th Cir. 1992) ("[E]ven assuming this [one and a half year] hiatus occurred, it was inadequate in duration to make the previous conduct irrelevant for sentencing purposes."). AFFIRMED.